IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST COAST CONTRACTORS OF NEVADA, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1121C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Defendant denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits.

6. The allegations contained in paragraph 6 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegation contained in paragraph 7 that proposed change order ("PCO") no. 08 was issued on February 7, 2002; the remaining allegations contained in paragraph 7 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. The allegations contained in paragraph 12 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. Admits the allegations contained in paragraph 14 to the extent supported by the documents cited, which is the best evidence of their contents; otherwise denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. The allegations contained in paragraph 16 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

18. Admits the allegations contained in paragraph 18 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. The allegations contained in paragraph 19 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20. Admits the allegations in paragraph 20 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. The allegations contained in paragraph 21 are conclusions of law to which no

response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the contract specifications cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 21.

22. The allegations contained in paragraph 22 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

28. Admits, except defendant states that the notice of differing site condition occurred on February 7, 2002.

29. Admits that plaintiff furnished a response dated March 13, 2002; otherwise denies the remainder of the allegations contained in paragraph 29.

30. Admits the allegation contained in paragraph 30 that defendant notified West Coast on April 8, 2002 that defendant concurred with West Coast's recommendation to use native soils; denies the remainder of the allegations contained in paragraph 30.

31. The allegations contained in paragraph 31 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

32. Denies.

33. Admits the allegation contained in paragraph 33 that proposed change order no. 13, fire alarm changes, was issued on May 14, 2002, otherwise denies the remainder of the allegations contained in paragraph 33.

34. The allegations contained in paragraph 34 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35. Denies.

36. Admits the allegations in paragraph 36 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. The allegations contained in paragraph 37 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

38. Admits the allegations contained in paragraph 38 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. Denies.

40. The allegations contained in paragraph 40 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

42. Defendant denies the allegations contained in paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43. Denies.

44. Denies.

45. The allegations contained in paragraph 45 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

46. Admits the allegations in paragraph 46 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 46.

47. Admits the allegations in paragraph 47 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 47.

48. The allegations in paragraph 48 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

49. The allegations in paragraph 49 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

50. Defendant's responses to paragraph 1 through 49 are incorporated by reference.

51. The allegations in paragraph 51 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

52. Defendant's responses to paragraphs 1 through 51 are incorporated by reference.

53. The allegations contained in paragraph 53 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

54. The allegations contained in paragraph 54 are conclusions of law and

plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

55. Denies each and every allegation not previously admitted or otherwise qualified.

56. Denies that the plaintiff is entitled to the relief set forth in the prayer for relief following paragraph 54, or to any relief whatsoever.

AFFIRMATIVE DEFENSE

57. As an affirmative defense, defendant states that there has been an accord and satisfaction or a release of the paving claim set forth at paragraphs 7 through 9 of the complaint and the fire alarm system claim set forth at paragraphs 32 through 37 of the complaint.

WHEREFORE, defendant requests that the court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Michael N. O'Connell
MICHAEL N. O'CONNELL
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 307-0282
(202) 514-8624 (fax)

February 17, 2006

Attorneys for Defendant

<u>Certificate of Filing</u>

I hereby certify that on this 17th day of February, 2006, a copy of the foregoing answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Michael N. O'Connell