IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WEST COAST CONTRACTORS OF NEVADA, INC, | ) | |
| Plaintiffs, | ) | Case No. 05-1121 C |
| v. | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A, Section III, of the Rules of the United States Court of Federal Claims, and the Court's Special Procedures Order, the parties submit the following Joint Preliminary Status Report.

**(a)** **Jurisdiction** - Plaintiff states that the Court appears to have jurisdiction over this action pursuant to the Tucker Act (28 U.S.C. § 1491).

Defendant states that it has no reason to question the jurisdiction of the Court at this time.

**(b)** **Consolidation** - At the present time, the parties agree that this case should not be consolidated with any other case.

**(c)** **Bifurcation** - The parties believe that this case should not be bifurcated into damages and liability phases.

**(d)** **Further Proceedings** - There is no need to defer further proceedings in this case at this time.

**(e)** **Remand or Suspension** - No remand or suspension will be sought.

**(f)** **Dispositive Motions pursuant to RCFC 12(b), 12(c) or 56** - At the present time, neither party intends to file any dispositive motions. However, after discovery is completed, both parties reserve the right to file a dispositive motion if it believes that such a motion is appropriate.

**(g)** **Relevant Factual And Legal Issues** - Plaintiff and the Department of the Navy entered into a contract which provided that West Coast would design and construct an extension to a building at the Naval Postgraduate School in Monterrey, California. On June 14, 2005, West Coast submitted a certified claim to the contracting officer seeking a total of $756,654.62. The certified claim sought additional compensation for 10 discrete issues ranging in value from $6,735.22 to $170,797.54. Five of the issues seek additional compensation for alleged additional work. Plaintiff's allegations with respect to these issues are set forth in paragraphs 7 through 27 of the complaint. Four of the issues seek additional compensation for alleged delays. Plaintiff's allegations with respect to these issues are set forth in paragraphs 28 through 45 of the complaint. The final issue concerns liquidated damages assessed by the Navy. Plaintiff's allegations with respect to this issue are set forth at paragraphs 46 through 48 of the complaint.

**(h)** **Likelihood of Settlement and ADR** - At this time, until it conducts some discovery, the Defendant does not know how likely it is that the case will settle prior to a determination on the issue of liability, and does not believe any ADR method would cause a speedier resolution of the case. Plaintiff believes that settlement is in the parties' best interest and has been attempting to conduct settlement discussions since the inception of this case. If Defendant does not agree to meet in an attempt to informally discuss settlement, Plaintiff believes that early ADR is warranted in this case and would be a more efficient use of the parties' resources and requests that the Court encourage the Defendant to consider early ADR.

**(i)** **Joint Proposed Scheduling Plan** -

**1.** **Joinder of Additional Parties** – Plaintiff does not intend to add any additional plaintiffs at this time however, should the Court wish to set a deadline, any additional plaintiffs will be added by May 15, 2006.

**2.** **Joint Proposed Discovery Plan** - The parties propose the following deadlines for discovery:

**(1.)** Fact Discovery – The parties propose that fact discovery be completed by December 31, 2006.

**(2.)** Expert Reports – The parties propose that they exchange expert reports by January 31, 2007.

**(3.)** Expert Depositions - The parties propose that expert depositions be completed by March 15, 2007.

**(4.)** Presumptive Limits on Discovery – The parties believe that the presumptive limits upon the number of depositions and interrogatories should apply in this case.

**(5.)** Dispositive Motions - The parties propose that dispositive motions be filed by May 15, 2007.

**(6.)** Mental & Physical Exams – The parties do not intend to request mental and physical examinations of the other party.

**3.** **Trial** - The earliest date that the parties expect to be ready for trial is May 15, 2007. Based upon trial time from 10:00 a.m. to 4:00 p.m., the parties believe that trial will require 8-10 days. Neither party requests expedited trial scheduling. The parties request that the trial be conducted in Washington, DC.

The parties propose any date of the weeks of March 19, or March 26, 2007 for a post discovery conference.

**(j)** **Electronic Case Management Needs** - There are no special electronic case management needs.

**(k)** **Other Information for the Court** -

**1.** The parties have discussed the issues in Appendix A, paragraph 3, over the course of several telephone conversations between counsel in March 2006. The parties have exchanged RCFC 26 disclosures.

**2.** Defendant believes that the cost of litigating this case through appeal will be less than $10,000, excluding salaries of Government employees and expert witness fees. Defendant cannot estimate expert witness fees at this time. Defendant

certifies that this estimate has been provided to agency counsel. Plaintiff's counsel estimates, and has represented to his respective client, that the costs of litigating this case through appeal could be as much as $275,000.

**3.** Defendant's counsel is available for a status conference at any time during the week of April 24, 2006, and the week of May 15, 2006. Plaintiff's counsel is available the week of May 15, 2006.

**4.** There is no other relevant information for this Court to be aware of at this time.

Respectfully submitted,

s/Ross D. Cooper
ROSS D. Cooper
11921 Rockville Pike, 3rd Floor
Rockville, MD 20852
Tel. (301) 230-5239
Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Michael N. O'Connell
MICHAEL N. O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7561

April 6, 2006

Attorneys for Defendant