# DEPARTMENT OF THE NAVY

OFFICER IN CHARGE OF CONSTRUCTION
RESIDENT OFFICER IN CHARGE OF CONSTRUCTION
ENGINEERING FIELD ACTIVITY WEST
NAVAL FACILITIES ENGINEERING COMMAND
NAVAL POSTGRADUATE SCHOOL
511 GARDNERS ROAD, BLDG 426, ROOM 23
MONTEREY, CA 93943-5035

In Reply Refer To

2135.ksc
23 MAY 03

West Coast Contractors of Nevada, Inc
7785 White Fir Street
Reno, NV 89523

Subj: ASSESSMENT OF LIQUIDATED DAMAGES; Contract No. N62474-00-C-3035, Bldg 245 Extension, Naval Postgraduate School, Monterey, CA 93943

Dear Sir,

In accordance with Federal Acquisition Regulation (FAR) Clause 52.211-12, "Liquidated Damages-Construction (SEP 2000)" included in subject contract, this letter serves as notification that the Government is withholding funds and assessing liquidated damages at a rate of $1450 per calendar day of delay for failure to complete the work within the time specified in the contract. Liquidated damages will be assessed from the established completion date set in the contract until substantial completion of the project where the building is available for it s intended use. Bilateral modification number P00013 executed on March 18, 2003, established May 2, 2003 as the completion date for the contract.

The basis for the assessment of liquidated damages is as follows:

a. In our letter of 29 Apr 2003, you were advised your proposed schedule suggesting a final completion of 23 May 2003 was unacceptable and that your failure to meet this completion date would have a significant ripple effect on Government plans to occupy the building. The letter identified some probable damages that the Government expects to suffer due to your inexcusable delay. You were asked to provide a plan on how you would correct this situation. The Government asked to meet to discuss this situation.

b. In the meeting on 30 April 2003, you provided an accelerated schedule that contained a completion date of 16 May 2003 and provided a brief status on certain outstanding tasks included in the revised schedule. At that time, you mentioned you were experiencing performance problems with most of your subcontractors and implied the schedule was contingent upon the cooperation of these contractors. The Government did not receive adequate assurances that you would perform within the timeframe proposed.

c. In a conference call of 1 May 2003, you were advised that you had failed to prosecute work under the contract with the diligence necessary to complete the contract within the timeframe agreed to in the bilaterally executed Modification No. P00013. Once again, you mentioned you were continuing to experience problems with your subcontractors and would attempt to meet the revised schedule. You did not provide the Government with a thought-out plan for correcting your delinquency and left the Government with serious concerns.

d. In our letter dated 5 May 2003 you were advised that your letter dated 1 May 2003, failed to contain a corrective action plan. You were reminded that you did not identify critical tasks that must be accomplished, plans on how they would be completed, and back up plans you would administer to ensure the revised schedule would be met. Once again, the Government had serious doubts that you would meet the proposed completion date of 16 May 2003.

Subj: ASSESSMENT OF LIQUIDATED DAMAGES; Contract No. N62474-00-C-3035, Bldg 245 Extension, Naval Postgraduate School, Monterey, CA 93943

e. You were notified in our 5 May letter that the Government is not in a position to begin occupying the building as critical items such as the Pressure Reduction Valve, the Fire Alarm, and the HVAC system have not been installed nor tested. Our letter acknowledged that non-receipt of materials for signage and keying information for the building were not considered critical path items and would not affect beneficial occupancy of the building and were informed on previous occasions that signage could be installed after beneficial occupancy and that only "basic" keying was required for offices.

f. Our letter of 5 May advised you that your failure to complete this project by 2 May 2003 had impacted the mission of the Naval Postgraduate School. Several projects such as demolition of Bldg No. 203 and a new perimeter road could potentially be delayed. The existing Building No. 245 and Auditorium have been without heat for months. The Government has provided occupants with space heaters to keep them warm. Due to the delay, the Government is incurring damages for the storage and handling of furniture that has arrived at the school. Classes that are scheduled to be held in the new building will have to be scheduled elsewhere. Anticipated changes to the moving contract to move TRAC into the new building could result in additional costs to the Government. You were requested to provide a Corrective Action Plan that also included a revised and realistic schedule for completion of work by close of business 7 May 2003.

g. Your letter of 7 May 2003 identified some critical path items and provided the current status of the installation of the Steam PRV. At this time you also provided a revised completion schedule indicating a completion date of 30 May 2003. In our letter of 9 May 2003 the Government once again requested you provide plans on how the critical path items would be completed and your backup plans. You were informed the Fire Protection System Testing was considered a critical path item. Once again, you were requested to provide this information no later than Monday, 12 May 2003.

h. Your letter of 12 May 2003 provided status on the steam PRV, the fire alarm system, and the TAB work. You assured the Government that you would adhere to the schedule provided to the Government on 7 May 2003 and stated you were prepared to extend working hours as well as workdays to ensure the schedule was met. You stated you had taken measures to repurchase the work of subcontractors who have failed to perform as required to meet the schedule. To date, the project is not substantially complete.

In conclusion, the Government has suffered damages due to the untimely completion of this project. The contract established liquidated damages as the basis for late completion of the work and set $1450 per diem as the rate for each calendar day of delay in achieving substantial completion. Liquidated damages are appropriate to compensate the Government for probably damages. You have the right to appeal the assessment of liquidated damages under FAR Clause 52.233-1, "Disputes (DEC 1998) –Alternate I (DEC 1991)" by written notice to the Contracting Officer, Katherine Volpe within 60 days of receipt of this letter.

Sincerely,

Katherine A. Volpe

Katherine A. Volpe
Contracting Officer

# XXXXXXXXXXXXXXXXXXXXXXX/ MODIFICATION OF CONTRACT

1. CONTRACT ID CODE: J | PAGE OF PAGES: 1 | 2

| 2. XXXXXXXXX MODIFICATION NO. | 3. EFFECTIVE DATE | 4. REQUISTITION/PURCHASE REQ. NO. | 5. PROJECT NO.(IF APPLICABLE) |
|---|---|---|---|
| P00015 | See 16C | 00C3035 | |

6. ISSUED BY — CODE

RESIDENT OFFICER IN CHARGE OF
CONSTRUCTION, NAVFACENGCOM, Code 2315
POST OFFICE BOX 8606
MONTEREY, CA 93943-9998

7. XXXXXXXXXXXXXXXXXXXXXXXXXXXXX — CODE

DEFENSE FINANCE ACCOUNTING SERVICE
OPERATING LOCATION OAKLAND (CODE FPV)
P.O. BOX 23870
OAKLAND, CA 94623-3870

8. NAME AND ADDRESS OF CONTRACTOR(No., street, county, State and ZIP Code)

WEST COAST CONTRACTORS OF NEVADA
7785 WHITE FIR STREET
RENO, NV 89523

CODE | FACILITY CODE

(x) 9A. AMENDMENT OF SOLICITATION NO.

9B. DATED (SEE ITEM 11)

X 10A. MODIFICATION OF CONTRACT/XXXXXX NO.
N62474-00-C-3035

10B. DATED (SEE ITEM 13)
29 June 2001

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ☐ is extended, ☐ is not extended
Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:
(a) By completing Items 8 and 15, and returning ________copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitations and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)
AA 1701051205 2511 0321 11211 0 068732 2A 000000 AA0C30350000 -40,600.00 LIQD
RCP Number: 00C3035

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/XXXXXX, IT MODIFIES THE CONTRACT/XXXXXXX AS DESCRIBED IN ITEM 14.

(x) A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation, date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B).

C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:

X D: OTHER (Specify type of modification and authority)
UNILATERAL - FAR 52.211-12. LIQUIDATED DAMAGES-CONSTRUCTION (APR 1984)

E. IMPORTANT: Contractor ☒ is not, ☐ is required to sign this document and return ________ copies to the issuing office.

14. DESCRIPTION OF XXXXXXXX/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

CONTRACT: N62474-00-C-3035
DESIGN-BUILD OF BUILDING 245 EXTENSION, NPS

MOD: ASSESSMENT OF LIQUIDATED DAMAGES (LIQD)

RECEIVED
NOV 14 2003
WEST COAST CONTRACTORS
RENO OFFICE

Description of this Modification continues on page 2.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) | |
|---|---|---|---|
| | | KATHERINE A. VOLPE<br>CONTRACTING OFFICER | |
| 15B. CONTRACTOR/OFFEROR<br>(Signature of person authorized to sign) | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA<br>BY Katherine A Volpe<br>(Signature of Contracting Officer) | 16C. DATE SIGNED<br>11/10/03 |

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE

30-105

STANDARD FORM 30 (REV. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243

This modification is issued to adjust the contract completion date and the final amount due and payable under subject contract to reflect assessment and collection of liquidated damages.

The specified date for completion including all authorized extensions is 2 May 2003. Actual date of substantial completion by the contractor has been calculated as 30 May 2003 which is 28 calendar days after the specified date for completion.

Late completion has been determined to have been within the control of the contractor. Therefore, under the authority of FAR 52.211-12, Liquidated Damages-Construction, the Government hereby exercises entitlement to assess and collect liquidated damages as follows:

28 calendar days at the prescribed rate of $1,450.00 per calendar day for delay damages totaling $40,600.00.

As a result of this modification the final amount due and payable under subject contract is downwardly adjusted by the sum of $40,600.00 from $5,191,417.97 to $5,150,817.97.

Paying Office remains DFAS Oakland via DFAS San Diego.