SHULMAN
ROGERS
GANDAL
PORDY &
ECKER, P.A.

Lawrence A. Shulman
Donald R. Rogers
Karl L. Ecker†
David A. Pordy+
David D. Freishtat
Martin P. Schaffer
Christopher C. Roberts
Jeffrey A. Shane
Edward M. Hanson, Jr.
David M. Kochanski
James M. Kefauver†
Robert B. Canter
Daniel S. Krakower
Kevin P. Kennedy
Alan B. Sternstein
Nancy P. Regelin
Samuel M. Spiritos†

Martin Levine
Worthington H. Talcott, Jr.+
Fred S. Sommer
Morton A. Faller
Alan S. Tilles
James M. Hoffman
Michael V. Nakamura
Jay M. Eisenberg+
Douglas K. Hirsch
Ross D. Cooper
Glenn C. Etelson
Karl J. Protil, Jr.†
Timothy Dugan†
Kim Viti Fiorentino
Sean P. Sherman+
Gregory D. Grant+
Jacob S. Frenkel•

Rebecca Oshoway
Michael J. Froehlich
William C. Davis, III
Patrick M. Martyn
Sandy David Baron
Christine M. Sorge
Michael L. Kabik
Jeffrey W. Rubin
Simon M. Nadler
Scott D. Museles
Karl W. Means
Mimi L. Magyar
Michelle R. Curtis•
Glenn W.D. Golding+
Debra S. Friedman•
Matthew M. Moore†
Eric J. von Vorys

Gary I. Horowitz
Cara A. Frye•
Heather L. Howard
Stephen A. Metz
Hong Suk "Paul" Chung
Patrick J. Howley
Carmen J. Morgan•
Kristin E. Draper•
Heather L. Spurrier•
André L. Brady
Melissa G. Bernstein
Patricia Teck
Robert L. Ritter°
Jacob A. Ginsberg
John D. Sadler
Heather R. Cameron•
Marc E. Pasekoff

Erin J. Ashbarry
*Of Counsel*
Larry N. Gandal
Leonard R. Goldstein
Richard P. Meyer°
Larry A. Gordon•
David R. Weisman
Lawrence Eisenberg
Deborah L. Moran
Scott D. Field
Jeannie Eun Cho
*Special Counsel*
Philip R. Hochberg°
*Maryland and D.C. except as noted:*
+ Virginia also ° D.C. only
• Maryland only † Retired

Writer's Direct Dial Number:

(301) 230-5239
rcooper@srgpe.com

June 14, 2005

**VIA OVERNIGHT COURIER**

Katherine A. Volpe
Contracting Officer
Naval Facilities Engineering Command
Naval Post-Graduate School
511 Gardners Road, Building 426, Room 23
Monterey, CA 93943-5035

**Re: Claim for Payment by West Coast Contractors of Nevada, Inc.**

Dear Ms. Volpe:

This letter asserts a claim pursuant to FAR 52.233-1 arising from Contract No. N62474-00-C-3035 between the United States Department of the Navy (the "Navy") and West Coast Contractors of Nevada, Inc. ("West Coast") for the construction of an extension to Building 245 of the Naval Post Graduate School in Monterey, California (the "Project"). West Coast asserts a right to payment from the Navy of the sum certain amount of $756,654.62 and requests that you issue a Contracting Officer's Decision within the timeframe set forth in FAR 52.233-1. The following paragraphs provide the factual support for the various elements of the claim and the required certification of the claim.

**A. Facts Supporting the Claim**

1. **Equitable Adjustment - Paving**: Through PCO #8, dated February 7, 2002, the Navy altered the paving and landscaping requirements for the Project. The new sketch attached to PCO #8 required West Coast, inter alia, to accommodate an 80-foot setback that was not shown on the original drawings. As a result, West Coast was required to incur $15,891.28 in additional design costs and $57,575.08 in additional labor and materials, for a total of $73,466.36.

2. **Equitable Adjustment - Mechanical Equipment**: The RFP drawings expressly designated a 15-ton chiller and a 6500 CFM air-handling unit. West Coast reasonably relied upon this designation when bidding the job. In order to meet the Navy's actual requirements,

however, a 40-ton chiller and a 14,000 CFM air-handling unit were required. West Coast incurred an additional $114,989.08 in labor and materials as a result of this error in the Navy's bid documents.

3. **Equitable Adjustment – Change in Grade Beam Elevations**: The RFP drawings show the exterior wall grade beam and pile caps to be one foot below the first floor top-of-slab. West Coast reasonably relied upon these drawings in preparing its bid. After award, it was discovered that the Navy's drawings were erroneous and substantial re-design was necessary to change the elevation to three feet below the slab with the exception of one grid area. These elevation changes significantly impacted design and construction costs and required West Coast to incur additional labor, materials and design costs of $170,797.54.

4. **Equitable Adjustment – Delay Damages – Use of Native Soil**: On February 6, 2002, West Coast notified the Navy of a potential ambiguity in the Project specifications relating to use of native soils as backfill. West Coast timely responded to the Navy's Request for Information respecting the issue and advised that West Coast was prepared to proceed using the native soil upon the Navy's direction. The Navy unreasonably delayed until April 8, 2002 before issuing a notice to proceed to West Coast. The Navy's delay caused West Coast to incur $81,422.48 in additional labor, equipment rental and overhead charges.

5. **Delay Damages – Fire Alarm System**: In the spring of 2002, the Navy approached West Coast to discuss replacing, as an accommodation to the Navy, the fire alarm subcontractor to West Coast with the fire alarm contractor, Elecon, that was performing work in the existing building. The Navy issued PCO #13 on May 14, 2002 to cover this change. Thereafter, West Coast acted diligently in attempting to coordinate with Elecon and the Navy to secure approval to proceed, but no progress was made, causing West Coast to incur delay damages. In October 2002, West Coast received pricing from a new fire alarm contractor, First Alarm, that apparently was replacing Elecon, at the Navy's direction, on the existing building. As a result of issues between Elecon, First Alarm and the Navy, it was not until January 17, 2003 that the government issued P00012 for the installation of the fire alarm system. The unreasonable eight month delay caused West Coast to incur $59,033.24 in damages.

6. **Equitable Adjustment – Relocation of Fire Riser**: The drawings upon which West Coast formulated its bid do not show the fire alarm riser that existed in the breezeway between the existing building and the Project. As a result, West Coast had to incur $6,375.22 in additional labor, materials and overhead to relocate the fire alarm riser.

7. **Delay Damages – Concrete Repairs**: On May 29, 2002, the Navy issued a suspension of work to West Coast due to possible structural repairs needed to the concrete foundation. On May 31, 2002, West Coast submitted its repair recommendations to the Navy and by June 5, 2002 was ready, willing and able to perform the necessary repairs. The government acted unreasonably in not lifting the suspension until June 27, 2002. In the interim,

West Coast incurred increased costs due to idle and lost crews, equipment rental and overhead. The cost impact of the Navy's unreasonable delay was $90,991.71.

**8.** **<u>Delay Damages – Notice to Proceed No. 3</u>:** West Coast completed all work pursuant to Notice to Proceed No. 2, respecting the building caissons, on January 24, 2002. West Coast had complete design approval pertaining to all work to be performed pursuant to Notice to Proceed No. 3 by January 24, 2002. Despite this approval, the Navy delayed without justification in issuing Notice to Proceed No. 3 until March 14, 2002. The delay caused by the government had a cost impact on West Coast of $81,478.99.

**9.** **<u>Equitable Adjustment – Increased Design Costs</u>:** The Contract required West Coast to submit its design to the Navy for review at 100 percent completion. Pursuant to Sections 1.4 and 1.7 of the specifications, the Navy's review was <u>not</u> to "provide detailed checking or coordination of various drawings and specifications prepared by the Contractor." Despite this restriction on the Navy's review authority, the Navy undertook an unreasonably detailed review and required re-design by West Coast that far exceeded the scope of the Navy's contractual authority. For example, the Navy required HVAC control design to be included within the 100 percent design submittal when the contract did not require HVAC design to be included at that stage. The same is true of the telecommunications distribution system design addressed in the Navy's letter of December 5, 2001. Perhaps more importantly, the Navy required so-called "prescriptive" specifications in cases where prescriptive specifications were not required. As a result, the Navy unreasonably withheld 100 percent design approval, which should have been given upon West Coast's initial submission, and unreasonably withheld approval for West Coast to proceed. The Navy's actions caused unreasonable delay in the project and required West Coast to incur $37,500.00 in additional design costs.

**10.** **<u>Dispute of Government's Claim for Liquidated Damages</u>:** By letter dated May 23, 2003, the Navy assessed liquidated damages of $1,450.00 per calendar day based on allegations of delay caused by West Coast that, according to the Navy, affected the date of substantial completion. PC0015, dated November 10, 2003, set the liquidated damages at $40,600.00. For the reasons set forth above, the delay in substantial completion was not caused by West Coast but rather the Navy's own actions and breaches of its obligations. The assessment of liquidated damages is, therefore, improper. All funds being withheld from West Coast upon the basis of the imposition of liquidated damages should be released to West Coast.

**B.** **<u>Certification of this Claim</u>:**

I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the Contractor believes the government is liable; and that I am duly authorized to certify the claim on behalf of the Contractor.

Mario Ramirez, President
West Coast Contractors of Nevada, Inc.

Sincerely,

Ross D. Cooper
Counsel to West Coast Contractors of Nevada, Inc.

cc: Mario Ramirez

DEPARTMENT OF THE NAVY
NAVAL FACILITIES ENGINEERING COMMAND SOUTHWEST
1220 PACIFIC HIGHWAY
SAN DIEGO, CA 92132-5190

4200.1.b(1)(c)
Ser AQA2.KJ/2480
October 5, 2005

**TRANSMITTED VIA FACSIMILE**

Ross D. Cooper
Shulman Rogers Gandal Pordy & Ecker, P.A.
11921 Rockville Pike
Rockville, MD 20852-2743

Dear Mr. Cooper:

Subject: CONTRACT N62474-00-C-3035, BUILDING 245 EXTENSION P-189, NAVAL POST GRADUATE SCHOOL, MONTEREY, CA

Due to a delay in receiving information from the office that administered the subject contract, I have been unable to render a Contracting Officer's Final Decision by the date referenced in my June 30, 2005 letter. I believe I have received all of the information needed to perform a technical analysis and am proceeding on that basis. I anticipate being able to issue a final decision by November 30, 2005.

You may contact me at (619) 532-3831 should you have any questions regarding this matter.

Sincerely,

Kathy L. Jones

KATHY L. JONES
Special Assistant for Claims
Contracting Officer

Copy to:
West Coast Contractors

**DEPARTMENT OF THE NAVY**
SOUTHWEST DIVISION
NAVAL FACILITIES ENGINEERING COMMAND
1220 PACIFIC HIGHWAY
SAN DIEGO, CALIFORNIA 92132-5190

NAVFAC

IN REPLY REFER TO:

4200.1.b(1)(c)
Ser AQA2.KJ/2441
June 30, 2005

**TRANSMITTED VIA FACSIMILE**

Ross D. Cooper
Shulman Rogers Gandal Pordy & Ecker, P.A.
11921 Rockville Pike
Rockville, MD 20852-2743

Dear Mr. Cooper:

Subject: CONTRACT N62474-00-C-3035, BUILDING 245 EXTENSION P-189, NAVAL POST GRADUATE SCHOOL, MONTEREY, CA

I am in receipt of your claim letter dated June 14, 2005, in the amount of $756,654.62 regarding allegations your client, West Coast Contractors of Nevada, Inc. ("West Coast"), incurred increased costs for providing additional work not specified in the subject contract.

Due to the size and complexity of the claim, I will be unable to render a Contracting Officer's Final Decision within the 60-day time period referenced in the Disputes clause of the contract. However, I anticipate being able to issue a final decision by September 30, 2005.

You may contact me at (619) 532-3831 should you have any questions regarding this matter.

Sincerely,

Kathy L. Jones

KATHY L. JONES
Special Assistant for Claims
Contracting Officer

Copy to:
West Coast Contractors